UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

GARY DOSCHER,

     Plaintiff,

v.

AA METALS, INC.,
a Florida Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, GARY DOSCHER ("Mr. Doscher" or "Plaintiff") files this Complaint against Defendant, AA METALS, INC. ("AAM" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from

Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3.      This Court has jurisdiction over Plaintiff's ADA/ADEA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4.      This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA/ADEA claims.

5.      At all times relevant hereto, Plaintiff was an employee of Defendant.

6.      Plaintiff worked for Defendant in Orange County, Florida, and this venue is therefore proper.

7.      Defendant is a Florida corporation that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of the Court.

8.      At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for

each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10.     Plaintiff is a disabled male. At all times material, Plaintiff, who was fifty-eight (58) years old, was protected during his employment with Defendant by the FCRA and ADA/ADEA because:

a.      Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11.     Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

12.     Additionally, Defendant employed in excess of twenty (20) or more employees and is an "employer" as defined by the ADEA.

## CONDITIONS PRECEDENT

13.     On or around July 19, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

14.     More than 180 days have passed since the filing of the Charge of Discrimination.

15.     On June 02, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

16.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

17.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

18.     Mr. Doscher, a sixty-four (64) year old man at the time, worked for AAM, most recently as an Account Manager, from November 11, 2013, until his termination on February 9, 2021,

19.     During his lengthy tenure, Mr. Doscher was an excellent employee, who had no significant history of attendance, performance, or disciplinary issues.

20.     Accordingly, Mr. Doscher suffers from Type-1 Diabetes, which is considered a "protected disability" under the ADA/FCRA/Section 22-28, a "serious health condition" under the FMLA, and renders him as "high risk" for a serious COVID-19 infection.

21.     Unfortunately, beginning in 2021, AAM started hiring younger, non-disabled employees, and began a coordinated effort to push out older, disabled employees such as Mr. Doscher in violation of the law.

22.     Accordingly, around January 2021, AAM hired two younger employees, Tracy (early 40s) and Matt (30s), who had no aluminum sales experience.

23.     Unbothered, our client remained focused and succeeding at his own tasks, to the point that on January 15, 2021, AAM gave him a $5,000.00 bonus – something that only two other AAM account managers received.

24.     Mr. Doscher continued working well until January 25, 2021, when, during a team meeting, AAM managers advised their employees that their workplace had seen six (6) recent positive COVID-19 cases, yet offered no solutions or accommodations to high risk individuals such as Mr. Doscher.

25.     Frightened for his health, on January 25, 2021, Mr. Doscher provided CFO, Don Lawson ("Mr. Lawson"), and Human Resources Manager, Ying Jiang ("Ms. Jiang") with a doctor's note recommending that he be allowed to work from home.

26.     Shockingly, both individuals denied this request, despite the fact that other younger non-disabled employees such as Sunny (25), were allowed to work from home without issue.

27.     At this time, Defendant did not advise Plaintiff of his rights and responsibilities under the FMLA

28.     However, after much pleading, Mr. Doscher finally received permission to work from home, but only a few days later, on January 28, 2021, Ms. Jiang started prodding our client for a definite return to work date.

29.     Amazed at AAM's refusal to treat him the same as other younger, non-disabled employees (who were allowed to work from home indefinitely), Mr. Doscher nonetheless informed Ms. Jiang that he would be able to return after his sixty-fifth birthday on May 4, 2021, as he would then be eligible for a COVID-19 vaccine.

30.     It is clear that Ms. Jiang found this request unacceptable, as shortly thereafter, on February 8, 2021, owner, Jack Cheng ("Mr. Cheng") sent an e-mail to

our client, chastising him for a minor disagreement he had days earlier, and suggesting that he "retire."

31.    As such, on February 9, 2021, AAM terminated Mr. Doscher immediately and used the February 5, 2021, incident as a pretext.

32.    Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, ADEA, the FCRA, and the FMLA were intended to prevent.

33.    In reality, Defendant's termination of Mr. Doscher stemmed from its discriminatory animus toward his very recent use of FMLA leave, his need for accommodation under the ADA/FCRA, and his age.

34.    Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability and age discrimination and retaliation.

35.    The timing of Plaintiff's termination makes the causal connection between his use of FMLA leave, his request for reasonable accommodation under the ADA/FCRA, his disclosure of a serious health condition or FMLA qualifying event, and his termination sufficiently clear.

36.    An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose

an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

37.     Mr. Doscher is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as an Account Manager.

38.     Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

39.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

40.     Allowing Mr. Doscher to work from home would have been a reasonable accommodation not unduly burdensome on Defendant.

41.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

42.     The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA.

43.     In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Doscher based upon his disability.

44.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

46.     Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

47.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

48.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the ADA and the FCRA.

49.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

50.     But for Plaintiff's age, Defendant would not have terminated his employment.

51.     Defendant interfered with Plaintiff's FMLA rights by causing him to not use benefits he was otherwise entitled to use.

52.     Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

53.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

54.     Defendant's adverse employment action was taken to interfere with, and in retaliation for, Mr. Doscher notifying Defendant of his serious health condition, and in retaliation for Mr. Doscher attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

55.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

56.     Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

57.     Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, ADEA, FCRA, and FMLA were intended to prevent.

58.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

59.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

60.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

61.    Plaintiff reincorporates and readopts all allegations contained within 1, 2, 5 through 9, 18 through 20, 23 through 27, 31 through 35, and 51 through 60, Paragraphs above.

62.    At all times relevant hereto, Plaintiff was protected by the FMLA.

63.    At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his serious health condition.

64.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

65.    As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66.    As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

67.    Plaintiff reincorporates and readopts all allegations contained within 1, 2, 5 through 9, 18 through 20, 23 through 27, 31 through 35, and 51 through 60, Paragraphs above.

68.    At all times relevant hereto, Plaintiff was protected by the FMLA.

69.    At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

70.    At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

71.    At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff

exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

72.    As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73.    As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

74.    Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10 through 26, 28 through 49, and 57 through 60, Paragraphs above.

75.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

76.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

77.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

79.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

81.     Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10 through 26, 28 through 49, and 57 through 60, Paragraphs above.

82.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

83.     The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

84.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

87.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>COUNT V</u>
<u>RETALIATION UNDER THE ADA BASED ON DISABILITY</u>

88.     Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10 through 26, 28 through 49, and 57 through 60, Paragraphs above.

89.      Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodations.

90.     Plaintiff's objections, and requests for reasonable accommodations, constituted protected activity under the ADA.

91.     Plaintiff was terminated as a direct result of him engaging in protected activity under the ADA.

92.     Plaintiff engaging in protected activity under the ADA, and his termination, are causally related.

93.     Defendant's stated reasons for Plaintiff's termination are a pretext.

94.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

96.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

97.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

98.   Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10 through 26, 28 through 49, and 57 through 60, Paragraphs above.

99.   Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodations.

100.   Plaintiff's objections, and requests for reasonable accommodations, constituted protected activity under the FCRA.

101.   Plaintiff was terminated as a direct result of him engaging in protected activity under the FCRA.

102.   Plaintiff engaging in protected activity under the FCRA, and his termination, are causally related.

103.   Defendant's stated reasons for Plaintiff's termination are a pretext.

104.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

106. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

107. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII- VIOLATION OF THE ADEA

108. Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10, 12 through 26, 28 through 34, 50, and 56 through 60, Paragraphs above.

109. Plaintiff was over forty (40) years old when he was terminated.

110. Plaintiff was not terminated for cause.

111.   Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

112.   Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

113.   Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

114.   Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

115.   Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

116.   Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

117.   Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

**WHEREFORE**, Plaintiff prays that this Court will: Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; Grant Plaintiff a judgment against

Defendant for all lost wages and compensatory damages, including liquidated damages; Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and Provide any additional relief that this Court deems just and proper.

## COUNT VIII- VIOLATION OF THE FCRA BASED ON AGE DISCRIMINATION

118.    Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10, 12 through 26, 28 through 34, 50, and 56 through 60, Paragraphs above.

119.    Plaintiff was over forty (40) years old when he was terminated.

120.    Plaintiff was not terminated for cause.

121.    Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

122.    Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

123.    Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

124.    Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

125.    Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

126.   Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

127.   Prior to terminating Plaintiff, Defendant did not consult with the EEOC/FCHR, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

**WHEREFORE**, Plaintiff prays that this Court will: Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages; Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; and Provide any additional relief that this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 29th day of July, 2022.

Respectfully Submitted,


**By: */s/ Noah Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com